UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 05-10304-GAO |
| ) | |
| v. ) | |
| ) | |
| JOSE MEJIA, ) | |
| a/k/a JULIO CARTAGENA ) | |
| ) | |

**DEFENDANT JOSE MEJIA, a/k/a JULIO CARTAGENA'S, MEMORANDUM IN
SUPPORT OF HIS MOTION TO VACATE, SET ASIDE,
OR CORRECT HIS SENTENCE**

Defendant, Jose Mejia, a/k/a Julio Cartagena ("Cartagena"), hereby submits this memorandum of law in support of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As set forth in more detail *infra*, on June 2, 2008, the United States Supreme Court decided that for purposes of the money laundering statute (18 U.S.C. § 1956(a)(1)), the term "proceeds" must be defined as "profits" instead of "receipts." *See* United States v. Santos, 128 S. Ct. 2020 (2008). In light of this holding, the indictment in this case was insufficient to charge Cartagena with one count of participating in a money laundering conspiracy (18 U.S.C. § 1956(h)) because the indictment speaks in terms of "proceeds" without identifying any "profits." As a result, Cartagena's judgment of conviction on Count VIII should be vacated, Count VIII should be dismissed, and Cartagena should be re-sentenced.

**BACKGROUND**

On January 7, 2008, pursuant to Fed. R. Crim. P. 11(a)(2), Cartagena pleaded guilty, conditionally, to one count of conspiring to distribute heroin and cocaine (21 U.S.C. § 846), one count of maintaining a place for the purpose of drug distribution (21 U.S.C. § 856(a)(1)), and one

count of participating in a money laundering conspiracy (18 U.S.C. § 1956(h)).  Cartagena pleaded guilty, in relevant part, to the following facts concerning the money laundering count:

> . . . from an unknown date but at least by in or about July 2004 and continuing until in or about November 2005 . . . Jose A. Mejia, a/k/a Julio Cartagena . . . knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree . . . to conduct and attempt to conduct financial transactions affecting interstate commerce which, in fact, involved the proceeds of a specified unlawful activity, that is the distribution of heroin, in violation of Title 21 United States Code, Section 841(a)(1) . . . and, two, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity in violation of Title 18 United States Code, Section 1956(a)(1), all in violation of Title 18, United States Code, Section 1956(h).

*See* Second Superseding Indictment, p. 11, attached to the Affidavit of Alan D. Rose ("Rose Aff.") as Exhibit 1.  At the change of plea hearing, the Government proffered nothing to prove that the charged "proceeds" included any profits.  The money laundering charge centered on Cartagena's management of a money remitter business -- which would have involved nothing more than a currency exchange/remitter business.  *See* Rose. Aff., Ex. 2 (Change of Plea Transcript), p. 27.

On August 7, 2008, this Court sentenced Cartagena to concurrent terms of 150 months on each count, including the money laundering count, and five years of supervised relief.  *See* Rose Aff., Ex. 3 (Sentencing Transcript), pp. 26-27.  In calculating the sentencing guideline range, the Court added two points to Cartagena's offense level based on the money laundering offense.  *Id.* at pp. 7, 9, 16.

The Court's calculation was as follows:

```
  34 Base Offense Level
+  2 for the money laundering conviction
+  3 for Role in the Offense
-  3 for Acceptance of Responsibility
```

Total: 36 (SGR: 188 – 235 months).

*See* Rose Aff., Ex. 3 (Sentencing Transcript), p. 16. The Government had agreed to recommend a sentence at the low end of the guideline range. Accordingly, the Government recommended a sentence of 180 months. *Id.* at p. 17. Cartagena recommended a sentence of 121 months. *Id.* at pp. 22-23. The Court, at the time believing the SGR to be 188-235 months, imposed a sentence of 150 months. *Id.* at p. 26. If there was no conviction for money laundering, the adjusted offense level would have been 34 with a SGR of 151-188 months.

On August 18, 2008, Cartagena filed a Notice of Appeal pursuant to Fed. R. App. P. 4(b). Cartagena appealed from the following:

1. Judgment of the United States District Court for the District of Massachusetts entered on August 8, 2008;

2. The United States District Court's December 12, 2007 Opinion and Order (#367) denying the defendant Baez's Motion to Suppress (#153), in which Motion to Suppress Cartagena joined (#159), denying a <u>Franks</u> hearing, and denying Cartagena's Motion (#306) for In Camera Inspection of Special Agents' Handwritten Notes; and

3. The United States District Court's July 27, 2007 Order (#295) on Cartagena's Motion to Compel Production of Documents Relevant to Motion to Suppress, which affirmed the Magistrate Judge's Memorandum and Order (#266) on Defendant Cartagena's Motion to Compel Production of Documents Relevant to Motion to Suppress (#210).

Rose Aff. Ex. 4 (Notice of Appeal). On January 29, 2010, the United States Court of Appeals for the First Circuit affirmed the judgment of this Court. *See* Rose Aff., Ex. 5 (Judgment).

## ARGUMENT

A petitioner is entitled to relief pursuant to 28 U.S.C. § 2255, if he demonstrates that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.  As a result of the United States Supreme Court's decision in United States v. Santos, 128 S. Ct. 2020 (2008), Cartagena is entitled to have his money laundering conviction vacated and that count dismissed.

On June 2, 2008, the United States Supreme Court held that the term "proceeds" in the federal money laundering statute must be interpreted to mean "profits" and not "gross receipts." United States v. Santos, 128 S. Ct. 2020 (2008).  Santos operated an illegal lottery and employed a number of "runners" who gathered bets from gamblers.  The runners kept part of the bets as commissions and delivered the rest to the "collectors."  The collectors, in turn, delivered the money to Santos, who used some of the money to pay the collectors their salary and some of it to pay the winners. Based on these payments to the runners, collectors, and winners, a jury found Santos guilty of one count of conspiracy to run an illegal gambling business (§ 371), one count of running an illegal gambling business (§ 1955), one count of conspiracy to launder money (§ 1956(a)(1)(A)(i) and § 1956(h)), and two counts of money laundering (§ 1956(a)(1)(A)(i)).[1] Santos filed a motion under 28 U.S.C. § 2255 attacking his sentence and convictions.  The district court rejected Santos' claims, except for his challenge based on the holding of the Court of Appeals for the Seventh Circuit in United States v. Scialabba, 282 F.3d 475 (7th Cir. 2002),

---

[1] Section 1956(a)(1) provides: "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . (A)(i) with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both." 18 U.S.C. § 1956.

4

that "proceeds" means criminal "profits," not "receipts" in the federal money laundering statute. The district court vacated Santos' money laundering conviction because there was no evidence that the transactions involved profits. The Court of Appeals for the Seventh Circuit and the United States Supreme Court both affirmed.

Santos was a plurality opinion with Justice Scalia writing for four justices and Justice Stevens writing a concurring opinion. Justice Scalia began his opinion by noting that the term "proceeds" is not defined in the money laundering statute and could mean either "profits" or "receipts." Santos, 128 S. Ct. at 2024. As a result, Justice Scalia decided that because the term is ambiguous, the rule of lenity requires "proceeds" to be interpreted in favor of defendants who are charged with violating the money laundering statute. Justice Scalia determined that the more defendant-friendly definition is "profits." *Id.* at 2025. The plurality was also concerned about the "merger problem" where "[a]nyone who pays for the costs of a crime with its proceeds-for example, the felon who uses the stolen money to pay for the rented getaway car- would violate the money-laundering statute." *Id.* at 2026.

In Justice Stevens' concurring opinion, he suggested that the word "proceeds" did not have to mean "profits" for every specified unlawful activity in the money laundering statute. *Id.* at 2032, 2034 n.7. However, both the plurality and three members of the dissent rejected this proposition. Justice Scalia stated that, "Clark v. Martinez . . . held that the meaning of words in a statute cannot change with the statute's application . . . . To hold otherwise 'would render every statute a chameleon,' . . . and 'would establish within our jurisprudence . . . the *dangerous principle* that judges can give the same statutory text different meanings in different cases.'" *Id.* at 2030 (emphasis added). In Justice Alito's dissent, he takes the same position as Justice Scalia stating that, "I cannot agree with Justice Stevens's approach insofar as it holds that the meaning

of the term 'proceeds' varies depending on the nature of the illegal activity that produces the laundered funds" and "I do not see how the meaning of the term 'proceeds' can vary depending on the nature of the illegal activity that produced the laundered funds." *Id.* at 2035-2036, 2044. Justice Alito dissented because, in his opinion, the term "proceeds" in the money laundering statute means "gross receipts." *Id.* at 2044.

The Court of Appeals for the First Circuit has yet to decide how it interprets the Santos decision. *See* United States v. Garcia-Pastrana, 584 F.3d 351, 380 (1st Cir. 2009) ("even if Santos applied, the transactions at issue clearly concerned the 'profits' of the embezzlement scheme."). Admittedly, courts have taken different views on this issue. However, Cartagena submits that this Court should adopt the well reasoned approach of the court in United States v. Hedlund, No. CR-06-346-DLJ, 2008 WL 4183958 (N.D. Cal. Sept. 9, 2008), which vacated defendant's guilty plea on a money laundering charge in light of Santos.

In Hedlund, the defendant pleaded guilty to one count of the Use of Property for the Purposes of Manufacturing Marijuana (21 U.S.C. § 856(a)(1)) and one count of Money Laundering (18 U.S.C. § 1956(a)(1)(A)(i)). Hedlund, 2008 WL 4183958 at * 1. In his Plea Agreement, Hedlund admitted that he had allowed others to use a warehouse to cultivate marijuana, that he "received money, which was the proceeds of the marijuana cultivation, and had deposited a portion" of the money into an account as a mortgage payment on the warehouse. *Id.* The court found that the payment was a business expense, instead of profits. *Id.* at *5. In rejecting the Government's argument that Santos did not apply to the facts of Hedlund's case, the judge reasoned that:

> the government is correct that five of the Justices said that Congress intended that "proceeds" should mean "gross receipts" in drug trafficking cases. But the bottom line is that five Justices said that, but they did not vote that. The specific result of *Santos* is that

6

> five Justices voted that "proceeds" means "profits" in 18 U.S.C. § 1956(a)(1)(A)(i) . . . . the Supreme Court did *not* hold that their decision applied "only" to gambling cases. To the contrary, Justice Scalia made it very clear that this decision was not to be read as permitting the word "proceeds" to be given different meanings for different applications of the statute. Justice Scalia's discussion of *Clark v. Martinez* cannot be read in any other way. Justice Alito agreed with this position, specifically stating that he did not "see how the meaning of the term 'proceeds' can vary depending on the nature of the illegal activity that produced the laundered funds."

*Id.* at *6 (*quoting* Santos, 128 S. Ct. at 2044 (Alito, J., dissenting)). The court went on to state that it believed that "the Supreme Court in *Santos* has held that the word 'proceeds' in 18 U.S.C. § 1956(a)(1)(A)(I) means 'profits,' and that *Clark v. Martinez* requires that this meaning must apply to every [specified unlawful activity] listed in the statute." *Id.* Several other courts have also held that Santos applies to money laundering charges where the underlying unlawful activity is something other than gambling. *See* United States v. Yusuf, 536 F.3d 178, 190 (3d Cir. 2008) (holding that "proceeds" means "profits" where the unlawful activity is mail fraud); United States v. Shelburne, 563 F. Supp. 2d 601, 607 (W.D. Va. 2008) (disagreeing with the Government's narrow construction of Santos and its argument that "revenue used to pay business expenses may constitute 'proceeds' so long as there is not a 'merger' problem."); United States v. Thompson, No. 3:06-CR-123, 2008 WL 2514090, *2 (E.D. Tenn. June 19, 2008) (assuming that "proceeds" means "profits" where unlawful activity is theft of monies of the United States (18 U.S.C. § 641)). This Court should adopt the sound reasoning of these courts and decide that Santos applies to this case.

Here, the Government charged Cartagena with money laundering conspiracy (18 U.S.C. § 1956(h)). The Second Superseding Indictment speaks in terms of "proceeds" without identifying any "profits." Cartagena pleaded guilty to this count. The Government did not say anything at the change of plea hearing about any "profits" of the unlawful activity, nor was there

7

ever any evidence presented or proffered as to any profits that had been earned. In light of Santos, Cartagena submits that the indictment is insufficient in this respect and, therefore, his conviction on Count VIII should be vacated and Count VIII dismissed.

## CONCLUSION

Cartagena respectfully submits that this Court should vacate the judgment as to the money laundering count, dismiss that count of the indictment, and resentence Cartagena in light of the new judgment.

Respectfully submitted,

JOSE MEJIA,

By his attorneys,

/s/ Alan D. Rose
Alan D. Rose (BBO#427280)
Amy R. Silverman (BBO#667279)
ROSE, CHINITZ & ROSE
One Beacon Street, 4th Floor
Boston, MA 02108
Tel: 617-536-0040
Fax: 617-536-4400

Date:   August 30, 2010

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 30, 2010.

/s/ Alan D. Rose
Alan D. Rose