UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10304-GAO
CIVIL ACTION NO. 10-11505-GAO

UNITED STATES OF AMERICA,

v.

JULIO CARTAGENA,
Defendant.

OPINION AND ORDER
November 30, 2012

O'TOOLE, D.J.

On January 7, 2008, Julio Cartagena entered a conditional guilty plea (reserving his right to appeal the denial of his motion to suppress evidence) to one count of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846, one count of maintaining a place for the purpose of drug distribution in violation of 21 U.S.C. § 856(a)(1), and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h). His appeal of the denial of the suppression motion was unsuccessful.

Cartagena thereafter filed a motion to vacate his sentence under 28 U.S.C. § 2255 motion, asserting that the U.S. Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008), which interprets the term "proceeds" in the money laundering statute (18 U.S.C. § 1956(a)(1)) to mean "profits" as opposed to "receipts." Cartagena argues that the government presented no facts showing that the "proceeds" he admitted to laundering included any profits. [1]

---

[1] In somewhat different phrasing, Cartagena also asserts "In light of [the Santos] holding, the indictment in this case was insufficient to charge Cartagena with one count of participating in a money laundering conspiracy (18 U.S.C. § 1956(h)) because the indictment speaks in terms of 'proceeds' without identifying any 'profits.'" (Def.'s Mem. Supp. Mot. § 2255 (dkt. no. 595).)

In calculating his guidelines sentencing range (GSR), this Court added two points to Cartagena's base offense level for the money laundering count. The total offense level, after other adjustments, was 36. His criminal history placed him in category I. Thus, Cartagena's GSR was 188-235 months. This Court ultimately sentenced Cartagena to 150 months.[2] Had the two-point increase for the money laundering offense not been given, Cartagena's offense level would have been 34, with a GSR of 151-188 months. By his present motion, he seeks to be resentenced in light of a necessary adjustment to the GSR if his conviction on the money laundering count is set aside, as he says it must be per Santos.

The Supreme Court's decision in Santos had no majority opinion; Justice Stevens concurred in the judgment but not with the reasoning of a four-justice plurality. Courts have struggled to determine the case's proper precedential reach. See United States v. Garcia-Pastrana, 584 F.3d 351, 380-81 (1st Cir. 2009) ("[T]here is some question as to the holding of Santos, since Justice Stevens, the fifth and deciding vote, suggested in concurrence that the holding may vary by offense and the legislative history.") (internal citations omitted). Six Circuit Courts of Appeals have read Santos narrowly. See United States v. Quinones, 635 F.3d 590, 599-600 (2nd Cir. 2011) (noting that the Eighth, Ninth, and Eleventh Circuits have "limited Santos to its facts," by holding that "proceeds" means "profits" only when the Specific Unlawful Activity underlying the money laundering was illegal gambling, as it was in Santos; and that the Fifth and Sixth Circuits have held that Santos only applies when the Specific Unlawful Activity would create a merger problem with the money laundering offense.) In the judgment of these courts, Santos would permit a money laundering conviction without proof of profits when the Specific

---

[2] The Government argued for a sentence of 180 months and Cartagena argued for a sentence of 121 months.

Unlawful Activity does not present a merger problem and/or is something other than illegal gambling.

The First Circuit has never directly addressed the issue of whether the holding in Santos should be applied in cases where the laundered money is cash paid for illegal drugs. United States v. Bucci, 582 F.3d 108 (1st Cir. 2009). The Second Circuit, however, has directly and convincingly addressed that question. In Quinones, the Second Circuit held that when applied to the sale of contraband, "Santos permits a conviction for money laundering conspiracy even absent proof that the laundered funds were profits." 635 F.3d at 600 (2nd Cir. 2011). I agree with that conclusion, and I think the First Circuit would agree as well.

The weight of authority is decidedly in favor of a narrow reading of Santos. The "merger" problem present in Santos is not present in this case. The laundering – engaging in transactions concealing the illegal source of the money – was not merely a step in the commission of the drug crime (as appeared to be the case in Santos), but rather a subsequent and distinct offense. In other words, the drug crime was complete with or without subsequent money laundering. There is no merger problem, and there is consequently no need for a solution to such a problem.

For the reasons set forth above, Cartagena's Motion to Vacate, Set Aside, or Correct Sentence (dkt. no. 597) pursuant to 28 U.S.C. § 2255 is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge